UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JAMES F. CRAGHEAD,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>           Defendant. | No.  EDCV 07-1503 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff James F. Craghead ("Craghead") filed a Complaint on December 1, 2007.  Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on December 11, 2007, and January 2, 2008.  The parties filed a Joint Stipulation (the "Stip") on August 1, 2008, that addresses the disputed issues in the case.  The Commissioner filed the certified administrative record ("AR").  The Court has taken the Joint Stipulation under submission without oral argument.

Having reviewed the entire file, the Court concludes that the decision of the Commissioner must be reversed and remanded for additional analysis pursuant to Social Security Administration regulations.

///

///

# I.

# **PROCEDURAL BACKGROUND**

On March 1, 2005, Craghead filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits, alleging an onset date of January 1, 1992. AR 10. His application was denied initially and on reconsideration. AR 37-38, 43-48, 50-54. Craghead requested a hearing, which was conducted in San Bernardino, California, on June 6, 2007, before an Administrative Law Judge ("ALJ"). AR 179-194. The ALJ issued a decision denying benefits on July 11, 2007. AR 7-17.

Craghead filed a request for review of the ALJ's decision. AR 6. On September 27, 2007, the Appeals Council denied the request for review. AR 3-5. This lawsuit followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///

# III.

# EVALUATION OF DISABILITY

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. ALJ's Findings

The ALJ found that Craghead has the following severe impairments: "hypertension; a Major Depressive disorder; a personality disorder; and a history of substance abuse." A.R. 12. Craghead has the residual functional capacity ("RFC") to "lift 25 pounds frequently and 50 pounds occasionally; able to stand and/or walk six hours in an eight-hour workday; able to sit six hours in an eight-hour workday; and limited to only simple, routine tasks." A.R. 13. Craghead is unable to perform his past relevant work. A.R. 15. However, the ALJ found that Craghead is able to perform jobs that exist in significant numbers in the national economy. A.R. 15-16.

## C. ALJ's Rating of Mental Impairment

The ALJ found that Craghead has severe mental impairments of a major depressive disorder and a personality disorder. A.R. 12. The ALJ must "rate the degree of functional limitation" in four broad functional areas: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a; 20 C.F.R. § 416.920a. The first three functional areas are rated on a five-point scale – none, mild, moderate, marked, and extreme – and the fourth functional area (episodes of decompensation) is rated on a four-point scale, none, one or two, three, four or more. 20 C.F.R. 404.1520a(c)(4); 20 C.F.R. § 416.920a(c)(4).

The ALJ must "document application of the technique in the decision." 20 C.F.R. § 404.1520a(e); 20 C.F.R. § 416.920a(e)(2); *Hoopai v. Astrue*, 499 F.3d 1071, 1077-78 (9th Cir. 2007); *Behn v. Barnhart*, 463 F. Supp. 2d 1043, 1047 (C.D. Cal. 2006). Specifically, "[t]he decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." 20 C.F.R. § 404.1520a(e)(2); 20 C.F.R. § 416.920a(e)(2).

The ALJ's decision did not rate the degree of Craghead's functional limitation in the four functional areas. The ALJ described various assessments and medical records. A.R. 15. The ALJ noted that the May 2005 psychological evaluation yielded "little objective evidence of mental impairment and likewise opines that [Craghead] has had no significant limitation in performing work-related mental functions." A.R. 15, 109-110. The ALJ observed that a State Agency psychiatrist opined, in May 2005, that Craghead "has had no significantly limiting mental impairment throughout the period at issue." A.R. 15, 119-133. The ALJ also noted that April 2007 mental health treatment records showed that Craghead had a GAF of 39. A.R. 15, 171. However, the ALJ found that "the medical evidence of record does not document persistent and significantly limiting mental impairment at this level." AR 15. Further, "only fleeting mental health treatment is documented, and the record does not show any psychiatric hospitalizations." *Id.*

However, the ALJ did not rate Craghead in accordance with regulations. The "'special technique' requirement is not a mere technicality; rather it serves to aid the SSA in '[o]rganizing and presenting [its] findings in a clear, concise and consistent manner.'" *Zeagler v. Astrue*, 2008 U.S. Dist. LEXIS 30059 at *12-*13 (N.D. Cal. Apr. 11, 2008) (citation omitted).

Accordingly, this matter must be remanded.

///
///
///

### D. Craghead's Credibility

Craghead contends that the ALJ's decision did not discuss his testimony that he has nerve problems with his face, balance problems due to damage to his right eardrum, and depression. (JS at 3.)

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found objective medical evidence of hypertension; a major depressive disorder; a personality disorder; and a history of substance abuse. AR 12.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

Here, the ALJ did not find that Craghead was a malingerer. However, the ALJ rejected Craghead's allegations of "markedly limited physical and mental impairments."[1] A.R. 14-15. The ALJ listed three reasons: (1) Craghead performed "odd jobs for money, including gardening, mowing lawns, and collecting cans (Exhibit 2F/1-2), a

---

[1] Craghead complains that the ALJ did not reject each individual allegation separately. However, the ALJ is not required to address each piece of testimony. The ALJ's decision clearly rejected Craghead's subjective testimony of marked limitations. "As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

circumstance somewhat inconsistent with an allegation of disabling physical impairment"[2] (A.R. 14, 104-105); (2) the medical record did not reflect a consistent pursuit of medical treatment or significant medication throughout the period at issue (A.R. 14); and (3) the physical and mental assessments in the record were inconsistent with Craghead's subjective testimony (A.R. 14-15). Specifically, the ALJ referred to a May 2005 assessment that Craghead was capable of performing "simple and repetitive tasks with minimal supervision and is able to perform these tasks with appropriate persistence and pace over a normal work cycle." A.R. 15, 109. Further, that he "can lift and carry 50 lbs. occasionally and 25 lbs. frequently . . . can stand, walk and sit for 6 hours out of an 8-hour workday with regular breaks . . . no limitations with fine or gross manipulations." A.R. 14, 115.

As to the ALJ's first reason, if a claimant engages in daily activities involving skills that could be transferred to the workplace, "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citations omitted). "Only if the level of activity were inconsistent with the Claimant's claimed limitations would these activities have any bearing on Claimant's credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ found Craghead capable of performing such work as janitorial cleaning. A.R. 16. Craghead's ability to garden and mow lawns would be generally consistent with the janitorial cleaning jobs.

As to the ALJ's third reason, the ALJ properly relied on the absence of medical records supporting Craghead's subjective allegations of marked limitations, although it would not be sufficient alone to discount his credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

///

---

[2] Craghead testified that he performed daily labor jobs in 2002 and 2003. A.R. 185.

1    With respect to the second reason, there is a serious question as to whether the
2 ALJ could rely on an inconsistent treatment history when the claimant testifies that he is
3 homeless. A.R. 189. A failure to obtain treatment is not a sufficient reason to deny
4 benefits where the claimant suffers from financial hardships. *See Gamble v. Chater*, 68
5 F.3d 319, 320-22 (9th Cir. 1995).
6    The fact that the ALJ may have erred in one of his credibility findings does not
7 automatically result in remand. In *Carmickle v. Comm'r of the Soc. Sec. Admin.*, 533
8 F.3d 1155 (9th Cir. 2008), the Ninth Circuit concluded that two of the ALJ's reasons for
9 making an adverse credibility finding were invalid. The court held that when an ALJ
10 provides specific reasons for discounting the claimant's credibility, the question is
11 whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's
12 "remaining reasoning *and ultimate credibility determination*." *Id.* at 1162 (italics in
13 original). Therefore, when, as here, an ALJ articulates specific reasons for discounting
14 a claimant's credibility, reliance on an illegitimate reason(s) among others does not
15 automatically result in a remand. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d
16 1190, 1197 (9th Cir. 2004) ("in light of all the other reasons given by the ALJ for
17 Batson's lack of credibility and his residual functional capacity, and in light of the
18 objective medical evidence on which the ALJ relied, there was substantial evidence
19 supporting the ALJ's decision").
20    To the extent the ALJ erred in relying on an inconsistent treatment history, any
21 error would not warrant remand in light of the other valid reasons for discounting
22 Craghead's credibility. "If the ALJ's credibility finding is supported by substantial
23 evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*,
24 278 F.3d 947, 959 (9th Cir. 2002); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d
25 595, 600 (9th Cir. 1999).
26 ///
27 ///
28 ///

### E. ALJ's Consideration of Treating Physician's Opinion in Assessing Residual Functional Capacity

Craghead argues that the ALJ improperly rejected a GAF of 39 in an Adult Intake Assessment form prepared by a Ph.D. intern on April 11, 2007.[3]  A.R. 171-78.

Because this matter must be remanded for rating of Craghead's mental impairment, this Court will not reach the issue of Craghead's GAF score. For guidance of the parties on remand, however, the Court notes that a GAF is not determinative of mental disability for social security purposes. *See* 65 Fed. Reg. 50746, 50765 (August 21, 2000) ("[The GAF scale] does not have a direct correlation to the severity requirements in our mental disorder listings."). Even assuming without deciding that the records come from a treating physician, an ALJ may properly evaluate a treating physician's opinion based on factors including: (1) length of the treatment relationship and frequency of examination;[4] (2) nature and extent of the treatment relationship;[5] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) consistency with record as a whole; and (5) the specialty of the physician providing the opinion. *See Orn*, 495 F.3d at 631; 20 C.F.R. § 404.1527(d)(1)-(6).

///

///

---

[3] There is also a single sheet of notes containing two entries prepared by two different persons in May 2007. A.R. 170.

[4] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

[5] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(ii).

**F.  ALJ's Hypothetical Question to Vocational Expert.**

Craghead argues that the ALJ's hypothetical did not include limitations in his testimony.  JS at 16.  However, the ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).  The ALJ is not required to include limitations that are not in his findings.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Because this matter is remanded for rating of Craghead's mental impairment, the ALJ is free to revisit the hypothetical questions to a vocational expert if appropriate.

## IV.
## CONCLUSION

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 5, 2008

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE